634 F.2d 295
 106 L.R.R.M. (BNA) 2276, 90 Lab.Cas. P 12,567
 J. E. Pelaez DEL CASAL, Plaintiff-Appellant,
v.
EASTERN AIRLINES, INC. et al., Defendants,
Eastern Airlines, Inc., Defendant-Appellee.
J. E. Pelaez DEL CASAL, Plaintiff-Appellee,
v.
EASTERN AIRLINES, INC. et al., Defendants,
Airline Pilots Association International, a labor
organization, Defendant- Appellant.
 Nos. 79-1880, 79-2953.
 United States Court of Appeals,
Fifth Circuit.
 Unit B
 
 1
 Jan. 16, 1981.
 
 
 2
 Gary D. Fox, Larry S. Stewart, Floyd Pearson, Stewart, Richman & Greer, Miami, Fla., for Del Casal.
 
 
 3
 William G. Bell, Jr., Miami, Fla., for defendant-appellee in No. 79-1880.
 
 
 4
 Gary Green, James W. Tello, Washington, D. C., for defendant-appellant in No. 79-2953.
 
 
 5
 Appeals from the United States District Court for the Southern District of Florida.
 
 
 6
 Before KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges, and ALLGOOD*, District Judge.
 
 ALLGOOD, District Judge:
 
 7
 This is a consolidated appeal from the district court's orders in two separate actions resulting from the same facts. In the first case (79-1880) J. E. Pelaez Del Casal appeals from an adverse summary judgment in favor of defendant, Eastern Airlines, relative to the alleged wrongful discharge of appellant as an airline pilot for Eastern. The second case (79-2953) is before the court upon the appeal by the Airline Pilots Association, International (ALPA) from the district court's order granting Del Casal's motion for summary judgment as to liability for the breach of the duty of fair representation and from the district court's orders entering judgment against ALPA in the amount of $35,000 damages and denying a motion for judgment notwithstanding the verdict, or for a new trial, or for remittitur.
 
 I. Facts
 
 8
 Appellant Del Casal was a pilot employed by Eastern Airlines. While employed by Eastern, Del Casal twice unsuccessfully attempted to become a member of ALPA, the exclusive bargaining agent for Eastern's pilots. Both times he was rejected on the basis of his incompetency as a pilot.
 
 
 9
 On May 29, 1975, Del Casal was discharged from Eastern on the ground that he was an incompetent and unsafe pilot. He immediately filed a grievance pursuant to the collective bargaining agreement between ALPA and Eastern. During the initial stages of the grievance procedure, Del Casal was assisted by John Loomos, an ALPA staff attorney. When the grievance was rejected at the initial stages, Del Casal requested a hearing before the Eastern Airlines Pilots System Board of Adjustment (System Board). The System Board, composed of two members from Eastern and two members from ALPA, is an arbitration tribunal established pursuant to the Railway Labor Act, 45 U.S.C. § 184 and the collective bargaining agreement between Eastern and ALPA.[1]
 
 
 10
 Before the System Board hearing was held, Loomos, the ALPA staff attorney, advised Del Casal that he would not be allowed to represent him at the hearings. ALPA had instructed Loomos to cease handling the case because Del Casal was not a member of the union. In his letter to the appellant informing him that he would no longer be representing him because he was not a union member, Loomos advised Del Casal to retain the services of another attorney. Del Casal took this advice and retained an attorney, David Block, to represent him in the matter.
 
 
 11
 A four member System Board was convened to consider Del Casal's grievance and his attorney presented a motion based on procedural defects of the discharge.[2] The four member board deadlocked on this issue and, pursuant to the collective bargaining agreement, a fifth neutral member, selected from a list of experienced arbitrators, was added to the board in order to break the deadlock. The five member board met in closed executive session and the deadlock was broken in Del Casal's favor. The board ruled that Eastern could not use evidence which did not comply with the collective bargaining agreement to support Del Casal's discharge.
 
 
 12
 Thereafter, the four member board reconvened on September 15, 1976, and on January 11-13, 1977, to determine whether Eastern was justified in terminating Del Casal. Del Casal was represented by retained counsel Block throughout the proceedings. On February 7, 1977, the System Board issued a ruling finding that Eastern was justified in terminating Del Casal.
 
 
 13
 Subsequently, Del Casal instituted an action seeking to set aside the decision of the System Board and to be granted a de novo review of his claim of wrongful discharge. The thrust of his complaint was that his hearing before the System Board was a sham and a mockery of justice because all of the board members were biased against him. A claim was also presented against ALPA for monetary damages resulting from ALPA's alleged breach of its duty of fair representation. The district court granted appellant's motion for summary judgment against ALPA as to liability for the breach of the duty to fairly represent Del Casal and agreed that ALPA had breached that duty by not providing him with an attorney. The court explained that Del Casal was entitled to recover attorney's fees actually paid to his privately retained attorney as well as any other expenses incurred as a direct and proximate result of having to retain private counsel. Del Casal v. Eastern Airlines, Inc., 465 F.Supp. 1254 (S.D. Fla. 1979). The cause was set for trial as to these damages. The district court granted Eastern's motion for summary judgment against Del Casal on his claim for wrongful discharge and found that, although ALPA had breached its duty of fair representation to Del Casal, the court did not have jurisdiction over Eastern because the breach of duty did not "substantially undermine" the integrity of the System Board. Thus the district court held that the System Board decision was final and binding on Del Casal and Eastern was dismissed as a party defendant. Id. Del Casal's appeal of that part of the court's order which dismissed Eastern as a defendant is the subject of the first case (No. 79-1880) of this consolidated appeal. Subsequently, a trial was held to determine damages due Del Casal and the jury returned a verdict of $35,000 against ALPA. The district court entered judgment in that amount with interest thereon and costs and also denied ALPA's motion for judgment N.O.V., or for a new trial, or for remittitur. ALPA's appeal of that part of the district court's order granting Del Casal's motion for summary judgment as to ALPA's liability and from the court's orders entering the $35,000 judgment and denying the above motions is the subject of the second case (No. 79-2953) of this consolidated appeal.
 
 II. Del Casal's Appeal (No. 79-1880)
 
 14
 On appeal, Del Casal contends that the decision of the System Board should be set aside on two grounds: (1) he was denied fundamental due process in that he was not accorded a hearing before an impartial tribunal, and (2) the entire arbitral proceedings were seriously undermined by ALPA's breach of its duty of fair representation. He cites Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), and Wells v. Southern Airways, Inc., 517 F.2d 132 (5th Cir. 1975), cert. denied, 425 U.S. 914, 96 S.Ct. 1512, 47 L.Ed.2d 765 (1976), and cert. denied Air Line Pilots Asso., International v. Wells, 425 U.S. 1000, 96 S.Ct. 2217, 48 L.Ed.2d 824 (1976), and later app. Wells v. Southern Airways, Inc., 616 F.2d 107 (5th Cir. 1980), in support of these contentions. Neither contention is sufficient, on the facts of these cases, to require setting aside the decision of the System Board.
 
 
 15
 It is well settled that the Railway Labor Act, under which the Eastern Airlines Pilots System Board of Adjustment was created, allows only limited judicial review of arbitration decisions. In fact, its range is among the narrowest known to the law. Eastern Airlines, Inc. v. Transport Workers Union, 580 F.2d 169, 172 (5th Cir. 1978); Diamond v. Terminal Ry. Alabama State Docks, 421 F.2d 228, 233 (5th Cir. 1970). See also Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320, 325, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972). A court may set aside an order of the System Board only on one of three specific grounds: (1) failure of the System Board to comply with the Act, (2) fraud or corruption, or (3) failure of the order to conform or confine itself to matters within the System Board's jurisdiction. 45 U.S.C. § 153(q).[3] Eastern Airlines, 580 F.2d at 172; Diamond, 421 F.2d at 233.
 
 
 16
 Although in his original complaint Del Casal made allegations covering these three grounds, in his briefs filed on appeal he specifically states that he does not contend that he fits within these statutory exceptions. Instead, appellant argues a judicially created ground for review and contends that the System Board's order should be set aside because all the members of the arbitral body were biased against him; and he was thus denied fundamental due process. He argues that he could not have a fair hearing before a System Board composed of two company-appointed members and two union-appointed members. However, he has made no showing of partiality or bias on the part of individual members of the System Board.
 
 
 17
 This court has previously rejected the contention that a System Board's holding must be set aside because there was no one on the board "partisan" to the employee's interests. In Wells v. Southern Airways, Inc., 517 F.2d 132 (5th Cir. 1975), plaintiff Wells, also a pilot, made such an argument and prevailed in the district court. This court reversed, noting that all members of the System Board "are charged with the responsibility of impartially deciding the case before the board. The trial court did not find any bias on the part of individual members of the board. No denial of fundamental due process occurred, making the Board's decision final." Id. at 134-35, footnote omitted.
 
 
 18
 Here, as in Wells, the members of the System Board were obligated to determine disputes before it in an independent, impartial manner. Absent a showing of partiality or bias on the part of individual members of the System Board, this court will not disturb its conclusions.
 
 
 19
 Appellant Del Casal also contends that the union's breach of its duty of fair representation so infects the System Board's proceedings that its conclusions must be set aside. In Hines, the Supreme Court held that a union's breach of its duty of fair representation may invalidate an otherwise binding arbitrated decision if it "seriously undermines the integrity of the arbitral process." 424 U.S. at 567, 96 S.Ct. at 1058. Here, the union's breach of its duty of fair representation, which is discussed further below, did not "seriously undermine" the integrity of the arbitral process in this case.
 
 
 20
 In Hines, the union told claimants that they need not hire counsel because the union would process their grievance. However, at the arbitration hearing the union attorney presented no evidence in favor of the claimants, and the arbitrators ruled against them. After arbitration, claimants retained their own counsel who uncovered evidence which exonerated claimants of the charges upon which their discharges from employment had been based. The Supreme Court's focus in Hines was upon the claimant's lack of representation which seriously undermined the arbitral process.
 
 
 21
 In the instant case, however, appellant was advised to obtain counsel, and he did so. Retained counsel represented appellant throughout the arbitration process. There is no claim that a union attorney could have adduced additional evidence in appellant's favor. Thus, appellant's argument that the union's breach undermined the integrity of the arbitration proceeding is mere conjecture and invalid. The district court was, therefore, correct in concluding that the System Board's order denying relief to appellant Del Casal is final and binding and Eastern was correctly dismissed as a party defendant in this case.
 
 III. ALPA's Appeal (No. 79-2953)
 A. The Duty of Fair Representation
 
 22
 On appeal, ALPA contends that the district court erred in holding that the union violated its duty of fair representation by refusing to provide Del Casal with a union staff attorney to represent him at the System Board hearing. ALPA argues that the services of a staff attorney are one of the benefits of union membership and the furnishing of such is not required by contract or law. Furthermore, the union argues that the duty of fair representation does not require a union to accept any particular individual into membership, Moynahan v. Pari-Mutuel Employees Guild of Cal. Local 280, 317 F.2d 209, 211 (9th Cir. 1963) cert. denied 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963), and that a union is not obliged to extend to nonmembers the same insurance, social, or other internal benefits which are enjoyed by members. NLRB v. International Union, United Auto Workers, 222 F.2d 95 (7th Cir. 1955). ALPA notes that a union may refuse to prosecute a grievance which it considers to be lacking in merit. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Sanderson v. Ford Motor Co., 483 F.2d 102 (5th Cir. 1973); Encina v. Tony Lama Boot Co., 448 F.2d 1264 (5th Cir. 1971). Noting also that the district court declined to follow Encina because it found that ALPA's refusal to supply a staff attorney was based upon Del Casal's nonmembership, rather than the lack of merit in his grievance, the union argues that Del Casal's nonmembership and the lack of merit in his grievance were only opposite sides of the same coin since Del Casal was refused membership only because of his incompetence as a pilot and that the decision not to supply him with a staff attorney was based on that incompetency.
 
 
 23
 The court accepts ALPA's arguments that the duty of fair representation does not require a union to accept a particular individual into membership, that a union is not obligated to extend those internal benefits enjoyed by its members to nonmembers, and that a union may refuse to prosecute a grievance which it considers to be lacking in merit; however, these arguments are not dispositive of the issue in this case. The issue in this case is whether a union may refuse to represent a member of the bargaining unit on the ground that he is not a member of the union without violating its duty of fair representation. Thirty-five years ago this court established the principle that a union may not discriminate against members of its bargaining unit on the basis of that person's status as a nonmember of the union. Hughes Tool Co. v. NLRB, 147 F.2d 69 (5th Cir. 1945).
 
 
 24
 The United States Supreme Court noted the exclusive authority of a bargaining agent to represent the interests of all employees without regard to union membership and commented on a union's duty of fair representation in Hines, 424 U.S. at 564, 96 S.Ct. at 1056, when it stated that "the controlling statutes have long been interpreted as imposing upon the bargaining agent a responsibility equal in scope to its authority, 'the responsibility and duty of fair representation.' " That court had earlier defined the union's duty of fair representation in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, when it stated that the agent's "statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct." Id. at 177, 87 S.Ct. at 909. The court continued, saying that "(a) breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Id. at 190, 87 S.Ct. at 916. The proposition that discrimination against nonmember employees who are part of the bargaining unit is impermissibly arbitrary if no relevant distinctions exist between the union and nonunion employees is reiterated in Deboles v. Trans World Airlines, Inc., 552 F.2d 1005, 1016 (3rd Cir. 1977), cert. denied, 434 U.S. 837, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977).
 
 
 25
 In the instant case the appellee Del Casal argues that ALPA's discriminatory refusal to allow a staff attorney to represent him at the System Board hearing based upon his nonmember status constituted a breach of ALPA's duty to fairly represent him. We agree. The record shows that ALPA does provide attorneys to grievants at their hearings before the System Board. It is also clear from the record that John Loomos, the ALPA staff attorney, would have represented Del Casal but for the fact that he was not a union member. While ALPA has the authority to decide under what conditions an attorney will be supplied to a grievant, the fact that the grievant is not a member of the union can play no part in that decision.
 
 B. The Damages
 
 26
 Appellant ALPA further contends that Del Casal is not due any damages for the breach of the duty of fair representation and, alternatively, that the damages are excessive. ALPA relies upon the district court's finding that the breach of duty had no prejudicial effect upon the System Board's review and determination of Del Casal's grievance to argue that a monetary award should not be allowed for an employee who, despite the union's breach, has prosecuted his own grievance and received a full and fair hearing. Relying on cases such as Cronin v. Sears, Roebuck & Co., 588 F.2d 616, 619 (8th Cir. 1978); Deboles v. Trans World Airlines, 552 F.2d 1005; St. Clair v. Local Union No. 515 of Int. Bro. of Teamsters, Inc., 422 F.2d 128, 132 (6th Cir. 1969), ALPA presses the argument that where the grievant would have lost even if there were no breach by the union, an award of damages is not permitted. It is ALPA's position that if the grievance process is untainted by a union's breach, the employee is in the same position he would have been had there been no breach and should not be compensated.
 
 
 27
 The cases relied upon by ALPA are inapposite and mislead because they hold that if a grievance is meritless, a plaintiff suffers no actual loss because of the union breach. ALPA's argument ignores the fact that the plaintiff here suffered loss in the form of fees to be paid to his privately retained attorney. The applicable law on damages in cases such as this was set forth in Vaca v. Sipes, 386 U.S. at 197, 87 S.Ct. at 920, when the court stated, "The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each." Id. Here, the damage caused by the union was the attorney's fee which Del Casal incurred as a result of the union's breach. Judgment was correctly entered against ALPA only for the damage caused by the breach of the duty to fairly represent Del Casal in the System Board hearings.
 
 
 28
 ALPA argues, alternatively, that the $35,000 awarded by the jury is excessive and that the court erred in refusing to impose a remittitur upon the jury's award. We do not agree. The jury's award was well within the limits of the proof. In order for an award to be reduced, "the verdict must be so gross or inordinately large as to be contrary to right reason." Machado v. States Marine-Isthmian Agency, Inc., 411 F.2d 584, 586 (5th Cir. 1969). The court "will not disturb an award unless there is a clear showing that the verdict is excessive as a matter of law." Anderson v. Eagle Motor Lines, Inc., 423 F.2d 81, 85 (5th Cir. 1970). The award, in order to be overturned, must be "grossly excessive" or "shocking to the conscience." LaForest v. Autoridad de Las Fuentas Fluviales, 536 F.2d 443 (1st Cir. 1976). Plaintiff's testimony showed that a reasonable hourly fee for his attorney could have been $75.00 per hour. The testimony showed that the attorney had spent 783 hours in the preparation and trial of the System Board case which dragged on for over a year. While defendant produced conflicting testimony, the jury's award was well within the evidence presented.
 
 
 29
 We have considered the other points raised by the appellants and find them to be without merit. Both cases are AFFIRMED.
 
 
 
 *
 Senior District Judge of the Northern District of Alabama, sitting by designation
 
 
 [1]
 The major provisions of the Railway Labor Act, 45 U.S.C. § 151 et seq., are applicable to carriers by air. See 45 U.S.C. § 181 et seq
 
 
 [2]
 The motion contended that Eastern's discharge of Del Casal was wrongful since it was based upon evidence violative of Section 41 of the collective bargaining agreement. Section 41 prohibits the use of disciplinary letters over three years old or letters based upon dissimilar infractions
 
 
 [3]
 45 U.S.C. § 153(q) provides:
 (q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. A copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this Act (45 U.S.C.S. §§ 151 et seq.), for failure of the order to conform, or confine, itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of title 28, United States Code (28 U.S.C.S. §§ 1254, 1291).
 Id.