Dives RAY, Julian DeGruson, et al., Carl A. Wood, et al., Plaintiffs,

v.

W.S. DICKEY CLAY MANUFACTURING COMPANY, et al., Defendants.

Civ. A. Nos. 77–2200, 77–2201, 77–2251, 77–2252, and 79–2230.

United States District Court, D. Kansas.

April 19, 1984.

**1226**

Michael E. Callen, Callen, Sexton, Rajala & Shelor, Kansas City, Kan., Melvin Kodas, Robert Gingrich, Jr. Kodas, Reed & McFadden, Ronald Stites, Kansas City, Mo., for plaintiffs.

J. Donald Lysaught, Weeks, Thomas & Lysaught, Kansas City, Kan., Jack L. Whitacre, Michael F. Delaney, Spencer, Fane, Britt & Browne, Kansas City, Mo., for W.S. Dickey Clay Mfg. Co.

John F. Steineger, Mark S. Gunnison, McDowell, Rice & Smith, Kansas City, Kan., for United Steelworkers of America, AFL–CIO.

James R. Goheen, John J. Jurcyk, Jr., and Kenneth H. Beck, McAnany, Van Cleave & Phillips, Kansas City, Kan., John C. Thurlo, Swanson, Midgley, Gangwere, Thurlo & Clarke, Kansas City, Mo., for Metropolitan Life Ins. Co.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is presently before the court on the motion of defendant United Steelworkers of America, AFL–CIO ("Steelworkers"), to dismiss, pursuant to Fed.R. Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The court has had the benefit of briefs submitted by the parties, and is now prepared to rule.

■ When considering a motion to dismiss, the court must take all of the factual allegations of the complaint as true, and must indulge all reasonable inferences in favor of the complainant. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir.1976); *Jorgensen v. Meade Johnson Laboratories, Inc.*, 483 F.2d 237 (10th Cir.1973). It is in light of the above standards that we consider the pending motion.

As stated in the pre-trial order, which now controls this lawsuit, plaintiffs' claims purport to state three causes of action against defendant Steelworkers: fraud, negligence, and breach of the duty of fair representation. Plaintiffs allege that defendant Steelworkers misrepresented the true nature of the employee pension benefit plan, or were negligent in establishing and maintaining the pension fund and employer contributions to the fund, and that these acts or omissions breached the duty of fair representation.

Defendant Steelworkers has moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that in light of the opinion of the United States Supreme Court in *Del Costello v. International Brotherhood of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (U.S.1983), plaintiffs' claims for breach of the duty of fair representation are barred by the six-month statute of limitations of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). In *Del Costello*, the Court, citing the importance of promoting the consensual processes of labor relations and the need for uniformity in those processes, held that the six-month statute of limitation of § 10(b) of the National Labor Relations Act, which governs actions for unfair labor practices, applied to bar the plaintiff's claim against the teamsters union for breach of the duty of fair representation.

■ Plaintiffs deny the applicability of *Del Costello* and the six-month statute of limitations in this case, noting that *Del Costello* was a hybrid § 301/fair representation action concerning the handling of an employee grievance, and that its holding should be limited to its facts. Plaintiffs contend that because they were no longer

employees subject to the collective bargaining contract at the time they commenced these lawsuits, *Del Costello* should not apply. We disagree. First, the language of *Del Costello* is in no way limited to a certain type of breach of a union's duty of fair representation. *See* —— U.S. at ——, 103 S.Ct. at 2292. Second, the United States Court of Appeals for the Eleventh Circuit, following *Del Costello*, recently applied the six-month period of limitation in a case based solely upon an alleged breach of the duty of fair representation. *Erkins v. United Steelworkers of America*, 723 F.2d 837 (11th Cir.1984). Because we have previously held that *Del Costello* applies retroactively, *Freeman v. Associated Wholesale Grocers, Inc.*, No. 82-2110 (D.Kan., *unpublished*, 2/29/84), we conclude that the six-month limitation period of § 10(b) of the National Labor Relations Act applies to plaintiffs' claims for breach of duty of fair representation in the present case. Because each of these lawsuits was commenced more than six months after the plaintiffs knew or should have known of the alleged breaches by the Steelworkers, each of the plaintiffs' claims for breach of the duty of fair representation is time-barred. We conclude that plaintiffs' allegations of breach of duty of fair representation fail to state a claim upon which relief can be granted.

Defendant Steelworkers also contends that the plaintiffs' claims for negligence and fraud are barred because the Union owed the plaintiffs only a duty of fair representation. In other words, Steelworkers contends that it could be liable to the plaintiffs, if at all, solely under the theory of breach of duty of fair representation, because the purported state law claims for fraud and negligence are preempted and subsumed by the federal cause of action for breach of duty of fair representation.

Federal labor law gives rise to a statutory duty on the part of a union to fairly represent all of its members. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). The statutory duty of fair representation requires the union to represent employees in its bargaining unit "honestly and in good faith and without invidious discrimination or arbitrary conduct." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). A union breaches its duty when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca, supra*, 386 U.S. at 190, 87 S.Ct. at 916.

The federal statutory duty of fair representation is the primary obligation of a union to members of its bargaining unit, and ordinarily state law cannot impose additional obligations upon a union in its relation with its members. *See Condon v. Local 2944, United Steelworkers, etc.*, 683 F.2d 590 (1st Cir.1982); *Augspurger v. Brotherhood of Locomotive Engineers*, 510 F.2d 853 (8th Cir.1975); *Globig v. Johns-Manville Sales Co.*, 486 F.Supp. 735 (E.D.Wisc.1980); *House v. Mine Safety Appliances Co.*, 417 F.Supp. 939 (D.Idaho 1976). This is in keeping with the general doctrine of federal preemption in the area of labor relations law. *See Farmer v. United Brotherhood of Carpenters and Joiners of America*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Under this doctrine, the uniform federal law of labor relations preempts inconsistent provisions of state law unless the state-regulated activity "was a merely peripheral concern of the labor management relations act ... [or] touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, [courts] could not infer that Congress had deprived the states of the power to act." *Garmon, supra*, at 243–244, 79 S.Ct. at 778–779. In light of this standard, the United States Supreme Court has recognized a limited number of common law torts that escape preemption and arise in the context of a labor dispute. *See Sears Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (trespass); *Farmer v. United Broth-*

*erhood of Carpenters and Joiners, supra* (intentional infliction of emotional harm); *Linn v. Plant Guard Workers of America,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (defamation). We now turn to consider whether plaintiffs' common law claims for negligence and fraud have been preempted.

■ With regard to plaintiffs' negligence claims, we note that several courts have held that a state common law duty of ordinary care cannot be imposed upon a union. *Condon, supra; Globig, supra; Hartsfield v. Seafarers International Union,* 427 F.Supp. 264 (S.D.Ala.1977); *House, supra.* Cf. *Brough v. United Steelworkers of America, AFL–CIO,* 437 F.2d 748 (1st Cir.1971) (where the court did not reach the question); *Brown v. International Union, United Automobile, Aerospace, and Agricultural Equipment Workers of America,* 512 F.Supp. 1337 (W.D.Mich.1981), *affirmed,* 689 F.2d 69 (6th Cir.1982) (where the court did not reach the merits of the plaintiffs' state law claims). In *House, supra,* the court rejected the argument that the union owed a duty to exercise reasonable care to insure the safety of the workers. The court stated:

> a theory of common-law negligence for breach of an alleged safety duty is inextricably intertwined and embodied in the union's duty of fair representation. The duty of fair representation is governed by federal law, *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and federal law dictates that the exclusive duty owed in the context of this case is the duty of fair representation.
>
> 417 F.Supp. at 939.

We reach a similar conclusion here. In the case at bar, the alleged negligent acts and omissions of the defendant Steelworkers in establishing and maintaining the pension plan and in advising the plaintiffs about the plan, are "inextricably intertwined and embodied in" the duty of fair representation. Regulation of the union's conduct here cannot be said to be merely a "matter of peripheral concern" to federal labor policy.

Nor can we say that the state interest in imposing a negligence standard is "so deeply rooted in local feeling and responsibility" that the general rule of preemption should not apply. Accordingly, we find that plaintiffs' state law claims for negligence against the defendant Steelworkers union are preempted by the federal law's requirement of fair representation on the part of the union. Plaintiffs have therefore failed to state an independent claim for negligence.

■ We believe that plaintiffs' claim for fraud is similarly preempted by federal law. First, the misrepresentations complained of here cannot be said to be a merely peripheral concern of federal labor policy. In fact, plaintiffs' claims of fraud and misrepresentation may be subsumed within the scope of the federal duty of fair representation. At least two courts have treated claims of misrepresentation by a union as claims for breach of the duty of fair representation. *De Boles v. Trans World Airlines, Inc.,* 552 F.2d 1005 (3d Cir.1977); *Augspurger v. Brotherhood of Locomotive Engineers,* 510 F.2d 853 (8th Cir.1975). Clearly, to the extent that the alleged fraudulent acts were arbitrary, discriminatory, or in bad faith, they would be actionable as breaches of the duty of fair representation. *See Vaca v. Sipes, supra,* 386 U.S. at 190, 87 S.Ct. at 916. The essence of plaintiffs' fraud claims here is that the union misrepresented the true nature of the plan and benefits it had obtained for the members through the collective bargaining process. Concern for the conduct of the union in fairly representing its membership lies at the heart of federal labor policy and is the source of the statutory duty of fair representation. *See Id.*

Second, although Kansas unquestionably has an interest in protecting all of its citizens from fraud, we cannot say that that interest is "so deeply rooted in local feeling and responsibility" that the general rule of preemption should not apply. Rather, it appears that this situation is one that Congress intended to subject to uniform regulation of federal labor law. As noted be-

fore, the fraudulent acts alleged here arise within the ambit of the obligations defined by the union's duty of fair representation. *See Condon, supra,* 683 F.2d at 595. The identical conduct by the union and injury to the plaintiffs would be the subject of both a state law claim for fraud and a federal claim for breach of the duty of fair representation. In fact, a key element in both claims would be whether the union intentionally (*i.e.* in bad faith) misrepresented facts. Thus, a state law claim for fraud in this case would not be unrelated to the alleged federal labor law violation or merely a function of the particular manner in which that alleged federal violation occurred. *See Farmer v. Carpenters, supra,* 430 U.S. at 305, 97 S.Ct. at 1066. Instead, the allegations of fraudulent misrepresentation in this case are "inextricably intertwined and embodied in" the duty of fair representation. We must conclude that Congress, in imposing the duty of fair representation, has preempted the application of a state law claim for fraud in this case.

We conclude that plaintiffs' claims of negligence and fraud on the part of defendant Steelworkers are preempted by the availability of a federal action for breach of duty of fair representation. Accordingly, the only claim available against defendant Steelworkers is for breach of duty of fair representation. As previously noted, however, plaintiffs' claims for breach of that duty are barred by the applicable six-month statute of limitations. *Del Costello, supra.*

IT IS THEREFORE ORDERED that the motion to dismiss of defendant United Steelworkers of America be and hereby is granted.