**Leslie EISENBERG, Plaintiff,**

**v.**

**TRANS WORLD AIRLINES, INC., a Delaware corporation; Retirement Board of the Retirement Plan for Pilots of Trans World Airlines, Inc.; Retirement Plan for Pilots of Trans World Airlines, Inc., and Air Line Pilots Association, a labor organization, Defendants.**

**No. 83–2681–Civ-Zloch.**

United States District Court, S.D. Florida, N.D.

Feb. 18, 1987.

Joseph Kaplan, Miami, Fla., for plaintiff.

Ralph Richard, Gilbert Carillo, Miami, Fla., Gary Green & James Johnson, Washington, D.C., for defendants.

## OMNIBUS ORDER AND PARTIAL FINAL JUDGMENT

ZLOCH, District Judge.

THIS CAUSE having come before the Court upon various Motions of the parties, and the Court having heard oral argument, having heard the evidence presented at trial, and being otherwise fully advised in the premises, it is

ADJUDGED as follows:

1. Defendant, Air Line Pilots Association's, ("ALPA") Motion For Partial Summary Judgment dated May 9, 1986, and Defendants, Trans World Airlines, Inc. ("TWA"), Retirement Board of The Retirement Plan For Pilots of Trans World Airlines, Inc., ("Retirement Board"), and Retirement Plan For Pilots of Trans World Airlines, Inc.'s, ("Retirement Plan") Motion For Partial Summary Judgment dated May 20, 1986, be and the same are hereby DENIED, without prejudice;

2. The Court having reserved judgment on Defendants ALPA, TWA, Retirement Board and Retirement Plan's Motions For Directed Verdict at the close of the Plaintiff's case, which Motions were renewed upon the close of all the evidence, the Motions For Directed Verdict as to Counts II, III, VI, VII, VIII, IX, and X be and the same are hereby GRANTED in part and DENIED in part.

In determining the test that governs this Court with regard to the consideration and granting of a directed verdict, this Court first looks to the standard announced by the United States Supreme Court in *Brady v. Southern Railroad*, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943), wherein the Court defined the standard as follows:

> When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the Court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial, the result is saved

from the mischance of speculation over legally unfounded claims. 320 U.S. at 479–480, 64 S.Ct. at 234.

In applying and interpreting the *Brady* standard as applied to cases arising within the Eleventh Circuit, this Court is bound by *Kaye v. Pawnee Const. Co., Inc.*, 680 F.2d 1360 (11th Cir.1982), which adopted the test announced by the Fifth Circuit in the case of *Boeing Company v. Shipmen*, 411 F.2d 365 (5th Cir.1969), wherein the test was stated as follows:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.... There must be conflict in substantial evidence to create a jury question.

Following the teachings and instructions of the Eleventh Circuit, this Court now turns to a legal analysis of each count contained in Plaintiff's Second Amended Complaint, along with the legal sufficiency of the evidence presented by the parties in light of the Defendants' Motions For Directed Verdict and finds as follows:

■ (a) As to Count I of Plaintiff's Second Amended Complaint, the Court adopts the standards regarding a union's duty of fair representation ("DFR") enunciated in *Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295 (5th Cir.1981). Citing *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), *Del Casal* noted that a breach of the DFR occurs only when a union's conduct toward a member is arbitrary, discriminatory or in bad faith.

■ With regard to this three-pronged test, no evidence has been presented demonstrating any discriminatory conduct by ALPA. On the contrary, Plaintiff Eisenberg's own trial testimony establishes he was in no way singled out for different treatment by the Union. The Court, therefore, grants ALPA's Motion For Directed Verdict as to Count I as to any allegations of discriminatory conduct by ALPA.

■ However, the Court finds that Plaintiff has presented sufficient evidence with regard to ALPA's alleged bad faith or arbitrary conduct, and, therefore, the Court denies ALPA's Motion For Directed Verdict as to Count I as to the issues of bad faith or arbitrary conduct as set forth in the *Del Casal* test;

■ (b) As to ALPA, upon review of the Plaintiff's claims as set forth in the Second Amended Complaint, together with the legal sufficiency of the evidence presented at trial and other submissions filed thereto, it is clear that Plaintiff's state law claims for Misrepresentation and Promissory Estoppel, Conspiracy and Fraud are all disputes which arose out of his employment relationship with TWA and/or his relationship with ALPA and that his claims for entitlement to a pension disability retirement benefit emanated from the collective bargaining relationship and agreements reached therefrom between TWA and ALPA. As such, it is clear that the duties and obligations running from one party to another arose solely by virtue of the provisions of the Railway Labor Act (45 U.S.C. Section 151 et seq., hereinafter RLA) and the agreements entered into by ALPA and TWA. This was made absolutely clear by the United States Supreme Court in *Steele v. Louisville & Nashville Railroad Company*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944) when Chief Justice Stone writing on behalf of the Court and interpreting the RLA, stated at page 202, 65 S.Ct. at 231:

We hold that the language of the Act to which we have referred, read in light of the purposes of the Act, expresses the aim of Congress to impose on the bargaining representative of a craft or class of employees the duty to exercise fairly the power conferred upon it in behalf of all those for whom it acts, without hostile discrimination against them.

Thus, any causes of action arising out of Plaintiff's relationship with ALPA must arise under the RLA. As such, this Court finds that Plaintiff's state law claims are so inextricably intertwined and identical in substance to Plaintiff's claim that ALPA breached its duty of fair representation, that they are preempted by the RLA. *Andrews v. Louisville & Nashville Railroad Company,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Company,* 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969); *Peterson v. Air Line Pilots Association, International,* 759 F.2d 1161 (4th Cir.1985); *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978); see also *Carter v. Smith Food King,* 765 F.2d 916 (9th Cir.1985); *Ramsey v. Signal Delivery Service, Inc.,* 631 F.2d 1210 (5th Cir.1980); *Ray v. W.S. Dickey Clay Manufacturing Co.,* 584 F.Supp. 1225 (D.Kan.1984); *National Airlines, Inc. v. Air Line Pilots Association, International,* 431 F.Supp. 53 (S.D.Fla. 1976). Accordingly, ALPA's Motion For Directed Verdict as to Counts II, III, VIII and IX, be and the same is hereby GRANTED;

■ (c) As to TWA and the Retirement Board, the Court finds that Counts VI, VII, VIII and IX (Misrepresentation, Conspiracy and Fraud of Plaintiff's Second Amended Complaint) are likewise preempted by the RLA as well as the Employee Retirement Income Security Act, 29 U.S.C. Section 1001 et seq. (hereinafter ERISA).

■ Thus, since as aforesaid, it is clear that the formulation of the TWA Retirement Plan for Pilots and Flight Engineers was the result of a collective bargaining agreement between TWA and ALPA,

the RLA controls here as ERISA does not supersede the RLA. *Air Line Pilots Association, International v. Northwest Airlines, Inc.,* 627 F.2d 272 (D.C.Cir.1980). In view of the above, the Court finds that the Misrepresentation, Fraud and Conspiracy claims against TWA and the Retirement Board are so inextricably intertwined with Plaintiff's Counts II and III, that they are also preempted by the RLA. Moreover, it is clear that ERISA supersedes all state laws relating to employment benefit plans other than four specific exemptions as set forth in the statute, none of which are applicable here. 29 U.S.C. Section 1144. Therefore, ERISA also would preempt the Plaintiff's state law claims. *Whitaker v. Texaco, Inc.,* 566 F.Supp. 745 (N.D.Ga. 1983); *Calhoun v. Falstaff Brewing Corporation,* 478 F.Supp. 357 (E.D.Mo.1979). Accordingly, TWA's and the Retirement Board's Motions For Directed Verdict as to Counts VI, VII, VIII and IX, be and the same are hereby GRANTED;

(d) Defendant Retirement Board's Motion For Directed Verdict as to Counts IV and V be and the same is GRANTED in part and DENIED in part. Like the Courts in *Air Line Pilots Association, International v. Northwest Airlines, Inc.,* 627 F.2d 272 (D.C.Cir.1980) and *De la Rosa Sanchez v. Eastern Airlines, Inc.,* 574 F.2d 29 (1st Cir.1978), this Court finds that ERISA does not supersede the RLA. Plaintiff has failed to plead and prove any claims under ERISA which are separate and distinct from the RLA claims or from the interpretation and application of the collective bargaining agreement.

■ Inasmuch as Count V alleges a breach of ERISA by the Retirement Board with regard to the Summary Plan Description, and the Court is hereby dismissing the ERISA claims, Defendant Retirement Board is hereby GRANTED Directed Verdict as to Count V. As a further independently sufficient ground for granting Directed Verdict, the Court notes that Plaintiff has failed to present any evidence whatsoever that the Retirement Board was

in any way responsible for writing the Retirement Plan's Summary Plan Description.

As to Count IV, the Court GRANTS Directed Verdict insofar as said Count alleges an ERISA claim, for the reasons above enumerated. Directed Verdict is also GRANTED as to any claims within Count IV that the Retirement Board acted discriminatorily toward Plaintiff, and DENIED as to the issues of arbitrary conduct or bad faith for the reasons given above in granting ALPA's Motion For Directed Verdict as to discriminatory conduct;

(e) With regard to any remaining claims against the Retirement Board under Count IV, the Court hereby GRANTS the Retirement Board's ore tenus Motion To Dismiss the Retirement Board as an improper party and all claims against the Retirement Board are hereby dismissed, with prejudice. The Court relies on *Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272 (11th Cir.1982); *Sheehan v. Union Pacific Railroad Company*, 576 F.2d 854 (10th Cir.1978), and *Fong v. American Airlines, Inc.*, 431 F.Supp. 1340 (N.D.Cal.1977) in holding that the Retirement Board, as a quasi-judicial entity, is an improper party to these proceedings. Further, the Plaintiff concedes he is not seeking relief against the Retirement Board members individually.

As a result of the above ruling, the Retirement Board's Motion To Dismiss for Lack of In Personam Jurisdiction is rendered moot, and the Court makes no ruling as to said Motion;

(f) Defendant TWA's Motion For Directed Verdict be and the same is hereby GRANTED for the reasons that Plaintiff alleged and sought to prove only state law claims against TWA, and the Court finds that said claims are preempted for the reasons set forth above.

3. Defendant, ALPA's Motion For Summary Judgment dated May 20, 1986 be and the same is hereby DENIED. The Court finds that there are genuine issues of material fact in dispute requiring trial;

4. Regarding Count X, Plaintiff's punitive damage claim, it is well established that punitive damages are not available against a union for a breach of the duty of fair representation. *International Brotherhood of Electrical Workers v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). Moreover, since Plaintiff's pendent state law claims are preempted by federal law, his prayer for punitive damages against all Defendants be and the same is hereby DISMISSED;

5. The Court finds the record totally devoid of any evidence presented by any party relating to the liability of the Retirement Plan to the Plaintiff. Further, Plaintiff conceded at trial that his Second Amended Complaint contains no claims against the Retirement Plan. Accordingly, the Retirement Plan's Motion For Directed Verdict be and the same is hereby GRANTED;

6. As to all claims in the Second Amended Complaint, Final Judgment be and the same is hereby entered in favor of the Defendants, Trans World Airlines, Inc., Retirement Board of the Retirement Plan For Pilots Of Trans World Airlines, Inc., and Retirement Plan For Pilots Of Trans World Airlines, Inc., and against the Plaintiff, Leslie Eisenberg, and the Plaintiff, Leslie Eisenberg, shall take nothing by this action and the Defendants, Trans World Airlines, Inc., Retirement Board of the Retirement Plan For Pilots Of Trans World Airlines, and Retirement Plan For Pilots Of Trans World Airlines, Inc., shall go hence without day, with the Court reserving jurisdiction to award costs and, if applicable, attorneys' fees upon proper Notice and Motion; and

7. Final Judgment be and the same is hereby entered in favor of the Defendant, Air Line Pilots Association, as to the issue of discriminatory conduct consistent with the rulings set forth above and against the Plaintiff, Leslie Eisenberg, and the Plaintiff, Leslie Eisenberg, shall take nothing by his claim of discriminatory conduct, and the Defendant, Air Line Pilots Association, shall go hence without day. The issues of

**130**

arbitrary conduct or bad faith shall be submitted to the jury accordingly.