**Ronald ZEMAN, Plaintiff,**

v.

**OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 35, Defendant.**

No. 97–C–1183.

United States District Court,
E.D. Wisconsin.

March 30, 2000.

Cynthia L. Manlove, Milwaukee, WI, for Plaintiff.

Lester A. Pines, Cullen Weston Pines & Bach, Madison, WI, Ely A. Leichtling, Michael J. Fischer, Quarles & Brady, Milwaukee, WI, for Defendant.

### DECISION AND ORDER

CURRAN, District Judge.

### I. *FACTS*

Ronald Zeman commenced this case by suing his former employer, Miller Brewing Company, for breaching their collective bargaining agreement and suing his union, Office and Professional Employees International Union Local 35 (OPEIU), for breaching its duty of fair representation. *See* 29 U.S.C. § 185. The facts giving rise to this hybrid case are recounted in this court's Decision and Order of August 10, 1998. On that date this court ruled that the Union had breached its duty of fair representation to Zeman by failing to file a timely request for arbitration with Miller Brewing. *See Vencl v. International Union of Operating Engineers, Local 18*, 137 F.3d 420 (6th Cir.), *cert. denied*, 525 U.S. 871, 119 S.Ct. 168, 142 L.Ed.2d 138 (1998). Due to the Union's inaction, an arbitrator had dismissed Zeman's grievance as untimely. After this court ruled against the Union, the parties stipulated to having the arbitrator decide the merits of Zeman's breach of contract claim against Miller. *See* Stipulation and Order (filed September 24, 1998). The arbitrator upheld the discharge of Zeman and denied his grievance.

After the parties returned to this court, Miller Brewing was dismissed from this case by the entry of a partial judgment. *See* Partial Judgment (entered May 10, 1999). Zeman is now seeking a make-whole remedy from the Union. He claims that he incurred $21,960.00 in attorney fees and has endured pain and suffering due to his Union's breach of its duty. The parties have briefed the issue of whether Zeman is entitled to money damages from the Union. Their cross motions are fully briefed and ready for resolution.

### II. *LEGAL STANDARDS FOR CROSS MOTIONS FOR SUMMARY JUDGMENT*

The court must grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the parties' affidavits, if any, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(c); *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir.1998). The court must construe all facts in the light most favorable to the nonmoving party. *See Jenkins*, 147 F.3d at 583. To survive a motion for summary judgment, the nonmoving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When considering cross motions for summary judgment, the court must consider each motion individually, drawing inferences against each movant, in turn, to determine if that party has satisfied the summary judgment standard. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 (3d ed.1999). *Santaella v. Metropolitan Life Insurance Company*, 123 F.3d 456, 461 (7th Cir.1997). Each party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(c). The fact that one party fails to satisfy that burden on its own motion does not automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment. *See* 10A, Wright, *supra* at 335. When material facts are in dispute, both motions must be denied. *See Buttitta v. City of*

*Chicago,* 803 F.Supp. 213, 217 (N.D.Ill. 1992), *aff'd,* 9 F.3d 1198 (7th Cir.1993).

## III. DISCUSSION AND DECISION

The material facts relevant to the cross motions are undisputed. The Union breached its duty of fair representation to Zeman, so the first issue of law to be decided is whether Zeman, as the prevailing litigant, can be awarded attorney fees from the Union. *See* 29 U.S.C. § 185.

 Section 301 of the Labor Management Relations Act, the statute which governs this action, does not authorize the award of attorney fees and the parties have no contractual provision authorizing an attorney fee award. Therefore, under the American Rule, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney fee from the loser.[1] *See Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). A central purpose of the American Rule is to avoid penalizing the losing party simply because it chose to defend or prosecute a lawsuit. *See Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters,* 456 U.S. 717, 724, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982).

 In *Bennett v. Local Union No. 66, Glass Molders, Pottery, Plastics and Allied Workers International Union, AFL–CIO,* 958 F.2d 1429 (7th Cir.1992), the Seventh Circuit relied on precedent from five other circuits in ruling that attorney fees are available as part of the compensatory damages (rather than as attorney fees *per se* ) in a case brought by an employee

under Section 301. *See Id.* at 1440 (*citing Ames v. Westinghouse Electric Corporation,* 864 F.2d 289, 293 (3d Cir.1988); *Self v. Drivers, Chauffeurs, Warehousemen & Helpers Local Union No. 61,* 620 F.2d 439, 444 (4th Cir.1980); *Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295, 301–02 (5th Cir.), *cert. denied,* 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981); *Allen v. Allied Plant Maintenance Company of Tennessee* 881 F.2d 291, 289–99 (6th Cir.1989); *Zuniga v. United Can Company,* 812 F.2d 443, 454–55 (9th Cir.1987)).[2] Finding no cases to the contrary, *see Bennett,* 958 F.2d at 1440, the Seventh Circuit explained that: "[T]he fees are not awarded as a penalty, but rather as proximate consequential damages for the union's failure to provide representation." *Id.* at 1440. An attorney fee incurred in pursuing a contractual grievance against the employer is "not merely a result of the harm that [the Union] did; it is the harm itself." *Id.* (quoting *Dutrisac v. Caterpillar Tractor Company,* 749 F.2d 1270, 1275 (9th Cir. 1983)).

The court in *Bennett* held the union and the employer jointly and severally liable for the employee's attorney fee damages because each participated in the other's breach. Nevertheless, the court observed that: "To avoid conflict with the American rule, courts generally limit fees awarded as damages in hybrid section 301 cases to the expenses incurred in pursuing the claim against the employer, and not the claim against the union." *Bennett* 958 F.2d at 1440. Thus, under *Bennett* attorney fees can be awarded as damages to Zeman in his Section 301 case.

---

1. Equitable exceptions to the American Rule include: the common benefit or common fund exceptions, the willful disobedience to a court order exception, and the frivolous or bad faith exception. *See Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 247–50, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Miller Brewing Company v. Brewery Workers Local Union No. 9, AFL–CIO,* 739 F.2d 1159, 1167 (7th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). Zeman has presented no evidence or

argument that any of these exceptions apply in his case.

2. After *Bennett* was decided, the Tenth Circuit also ruled that attorney fees could be included in the measure of damages against a union in a Section 301 case. *See Lampkin v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW),* 154 F.3d 1136, 1147–48 (10th Cir.1998).

■ OPEIU argues that, even though damages might be theoretically available as a remedy, Zeman is not entitled to this remedy because *Bennett* holds that fees are only available for prosecuting the action against the employer and Zeman cannot show that the Union participated in the employer's alleged breach. The Union has misread *Bennett* which does not require that the Union and the employer have acted in concert. Whether the defendants engaged in concerted action is an issue which is material only to the question of whether the union alone should be liable for any attorney fee damages or whether the union and the employer should be jointly and severally liable.[3]

In *Wilson v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO,* 83 F.3d 747 (6th Cir.1996), *cert. denied,* 519 U.S. 1041, 117 S.Ct. 610, 136 L.Ed.2d 535 (1996), the Sixth Circuit, citing *Bennett,* held that:

> [I]n Section 301 cases, the damages arising from a union's breach of its duty of fair representation include the attorneys' fees reasonably incurred in pursuing a claim against the employer for breach of the collective bargaining agreement.

*Id.* at 753. In *Wilson,* unlike *Bennett,* there was no evidence of collusion, so the court ordered the attorney fee damages to be paid solely by the union. The Sixth Circuit explained that: "Wilson's claim for attorneys' fees against defendant employers ... is subject to the American Rule which states that attorneys' fees are not normally recoverable absent statutory or contractual authority." *Id.* at 754. After finding that none of the equitable exceptions applied, the court awarded the plaintiff attorney fee damages solely from the union. Thus, Zeman need not prove collusion before OPEIU, as the losing party,

can be ordered to pay attorney fees as damages.

The next question is whether attorney fees can be awarded as damages when the union is found to have breached its duty of fair representation, but the employee has not prevailed on his breach of contract claim against the employer. The Seventh Circuit has not addressed this issue and the five circuits which have addressed it are split.

The First, Fourth, Fifth, and Ninth Circuits have allowed recovery of attorney fee damages in cases where a union has been found to have breached its duty of fair representation, but the employer has not been found liable for breach of the collective bargaining agreement. *See Stanton v. Delta Air Lines, Inc.,* 669 F.2d 833, 838 (1st Cir.1982); *Self v. Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 61,* 620 F.2d 439, 443, 444 (4th Cir. 1980); *Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295 (5th Cir.), *cert. denied,* 454 U.S. 892, 102 S.Ct. 386, 70 L.Ed.2d 206 (1981); *Dutrisac v. Caterpillar Tractor Company,* 749 F.2d 1270 (9th Cir.1983). *See also Ames v. Westinghouse Electric Corporation,* 864 F.2d 289, 293–94 (3d Cir. 1988) (court would award fees as damages even though the claims against the employer had become moot).

. In *Ames v. Westinghouse Electric Corporation,* 864 F.2d 289, 293 (3d Cir.1988), the Third Circuit explained the rationale for allowing an award of attorney fee damages even when the employee does not prevail against the employer:

> Ames' claim against the Union presents an issue that is analytically distinct. Indeed, the section 301 contract action against the employer and the duty of fair representation action against the Union are so analytically distinct that the latter may proceed even when the former has been dismissed. *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25

---

**3.** Joint and several liability is not an issue in this case because Zeman has not argued that Miller Brewing should be liable for any por-

tion of the attorney fees and he has presented no evidence of collusion or bad faith on the part of Miller.

L.Ed.2d 21 (1970). The claim that the Union breached its duty of fair representation is predicated upon the duties which are imposed by the federal labor law on collective bargaining representatives with respect to the enforcement of collective bargaining agreements. Among those duties is the fair and prompt consideration and, if dictated by controlling legal standards, processing on behalf of employees of their claims under contract dispute resolution procedures. Absent the alleged breach of that duty, Ames would not have been required to retain an attorney in order to pursue his contract remedies against Westinghouse. When there is a legal duty to provide representation, whether that duty arises out of a contractual undertaking or, as here, by operation of law, if the representation is wrongfully withheld, the cost of substitute representation should be recoverable damages. This is not to say that in the suit against the Union fee shifting as such would be appropriate. Rather, the employee should recover as damages from the Union only the attorneys' fees incurred in pursuing this section 301 claim against the employer—consequential damages flowing from the Union's alleged breach of its duty of fair representation. We join those courts of appeals which have so held. *See, e.g., Bagsby v. Lewis Bros., Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir.1987); *Zuniga v. United Can Co.*, 812 F.2d 443, 454–55 (9th Cir. 1987); *Stanton v. Delta Air Lines*, 669 F.2d 833, 838 (1st Cir.1982); *Seymour v. Olin Corp.*, 666 F.2d 202, 215 (5th Cir. Unit B Jan.1982); *Self v. Drivers, Chauffeurs, Warehousemen & Helpers Local Union No. 61*, 620 F.2d 439, 444 (4th Cir.1980); *see also Bygott v. Leaseway Transp. Corp.*, 637 F.Supp. 1433, 1442 (E.D.Pa.1986); *Chuy v. National Football League Players' Ass'n*, 495 F.Supp. 137, 141 (E.D.Pa.1980).
*Id.* at 293.

The Sixth Circuit has rejected the majority position and has declined to grant recovery of damages in the form of attorney fees where the plaintiff has not prevailed on the merits of the grievance. *See Wood v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 406*, 807 F.2d 493, 503 (6th Cir.1986), *cert. denied*, 483 U.S. 1006, 107 S.Ct. 3232, 97 L.Ed.2d 738 (1987). The Sixth Circuit explained that:

> The Union is intended to serve as the exclusive agent for the member employees, and employees should be discouraged from pursuing their claims independently. Moreover, it is against "sound judicial policy to encourage actions to recover only the costs of litigation where no underlying right can any longer be vindicated in the action." *Badon v. General Motors Corp.*, 679 F.2d 93, 98 (6th Cir.1982). Granting attorneys' fees to each member employee who demonstrates a breach of the duty of fair representation but no injury will lead to frivolous actions.

*Id.*

■ The Sixth Circuit's concerns with frivolous claims are not persuasive in this case where Zeman vindicated his right to be heard on the merits of his grievance. OPEIU has offered no reason why this court should not side with the majority of jurisdictions and award attorney fees to Zeman as compensatory damages.[4] Zeman's situation is most like that of the plaintiff in *Stanton v. Delta Air Lines, Inc.*, 669 F.2d 833 (1st Cir.1982), a case brought under the Railway Labor Act, 45 U.S.C. 151 *et seq.* In *Stanton* the district court found that the plaintiff's grievance had been rejected because of untimeliness

---

4. Although the Union urges this court to adopt the reasoning of *Wood*, it has failed to cite any cases from the four circuits taking the contrary position and, consequently, it has failed to persuade this court that the rulings of the First, Fourth, Fifth and Ninth Circuits should not apply to this case.

caused by the union's breach. The court then ordered the matter remanded to arbitration where the arbitrator ruled that the employer had not breached the collective bargaining agreement. Nevertheless, the court ordered the union to compensate the plaintiff for attorney fees incurred. *See Id.* at 838.

On appeal, the First Circuit upheld the judgment in favor of the employer and the union challenged the attorney fees that had been assessed against it. The court of appeals affirmed the award explaining that:

> [T]he union is liable to Stanton, not for damages caused by Delta's acts, but, rather, only for any increase in those damages brought about by its own failure to give adequate advice to Stanton about processing his grievance. *Vaca v. Sipes,* 386 U.S. 171, 197–98, 87 S.Ct. 903, 920–21, 17 L.Ed.2d 842. These additional damages—apparently consisting of additional legal costs—were incurred (by Stanton or by his lawyer) whether or not Stanton won on the merits of his grievance.

*Stanton,* 669 F.2d at 838.

Following the majority position, this court will award attorney fees as the damages in this case. Thus, the final question is what sum will compensate the Plaintiff. The Plaintiff's attorney, Cynthia Manlove, has submitted an affidavit in which she states that, between September 24, 1997 (her initial meeting with her client) and April 5, 1999 (the itemization of the fee petition), she spent 146.4 hours on this case and believes that she is entitled to an hourly rate of $150.00 per hour for a total fee of $21,960.00. *See* Affidavit of Cynthia L. Manlove (filed May 25, 1999). The Union has not objected to the number of hours or to her hourly rate.

■ In general, a union in a Section 301 case is liable for those attorney fees which constitute the sum which the employee was forced to expend in attorney fees to do that which the union was obligated, but failed, to do. *See Zuniga v. United Can Company,* 812 F.2d 443, 455 (9th Cir.1987). In this case, the OPEIU's failure to file a timely request for arbitration resulted in the extinguishment of Zeman's right to pursue his claim against Miller Brewing. Zeman had to retain counsel in order to regain the opportunity to have the merits of his claim heard by the arbitrator. Therefore, this court will award Zeman compensation for these additional legal costs. The fee petition shows that these legal costs were incurred between September 24, 1997 (the date Zeman retained counsel), and September 16, 1998 (the last billing date before the parties stipulated to commencing the arbitration proceeding). The billing hours for this period total 126.9. At a billing rate of One Hundred and Fifty Dollars ($150.00) per hour, the total fee the court will allow equals Nineteen Thousand and Thirty Five Dollars ($19,035.00).

In addition, Zeman is asking for damages for pain and suffering. He says that he has suffered from sleep disturbance and weight loss and that he has been unable to do any long-term financial planning. *See* Affidavit of Ronald Zeman (filed May 25, 1999). The Plaintiff, who has the burden of persuasion, has cited no authority for awarding damages for pain and suffering under the circumstances in evidence in this case. Therefore, the court cannot conclude that Zeman is entitled to this category of damages as a matter of law and will award no amount for pain and suffering.

### ORDER

For the reasons explained above, the court ORDERS that Defendant Office and Professional Employees International Union Local 35's "Motion for Summary Judgment" (filed May 25, 1999) IS GRANTED IN PART AND DENIED IN PART. *See* Federal Rule of Civil Procedure 56(c). Damages for attorney fees are awarded to Plaintiff Ronald Zeman in the amount of NINETEEN THOUSAND AND THIR-

TY FIVE DOLLARS ($19,035.00), but damages for pain and suffering are denied.

IT IS FURTHER ORDERED that the "Plaintiff's Motion for Summary Judgment on Damages for the Defendant's Breach of the Duty of Fair Representation" (filed May 25, 1999) IS GRANTED IN PART AND DENIED IN PART. *See* Federal Rule 3 of Civil Procedure 56(c). Damages for attorney fees are awarded to Plaintiff Ronald Zeman in the amount of NINETEEN THOUSAND AND THIRTY FIVE DOLLARS ($19,035.00), but damages for pain and suffering are denied.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. *See* Federal Rule of Civil Procedure 58. This judgment shall incorporate the Partial Judgment entered on May 10, 1999, and shall further provide that:

> This action brought by Plaintiff Ronald Zeman against Defendants Office and Professional Employees International Union Local 35 and Miller Brewing Company came on for hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and partial judgment having been entered in favor of Defendant Miller Brewing Company on May 10, 1999, and the claims against Defendant Office and Professional Employees International Union Local 35 having come on for hearing and these claims having been heard and a decision having been rendered,

IT IS ORDERED AND ADJUDGED

that Plaintiff Ronald Zeman recover of Defendant Office and Professional Employees International Union 36, the sum *of* NINETEEN THOUSAND AND THIRTY FIVE DOLLARS ($19,035.00) with interest thereon from the date of judgment at the rate provided by law and his costs of this action.