Leo BROWN, et al.,
Plaintiffs-Appellants,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), De-
fendant-Appellee.

No. 81–1296.

United States Court of Appeals,
Sixth Circuit.

Argued June 24, 1982.

Decided Sept. 16, 1982.

Arthur M. Rude, James R. Seastrom (ar-
gued), Muskegon, Mich., for plaintiffs-ap-
pellants.

A. Robert Kleiner, Grand Rapids, Mich.,
M. Jay Whitman (argued), Detroit, Mich.,
for defendant-appellee.

Before KEITH and MERRITT, Circuit
Judges, and PHILLIPS, Senior Circuit
Judge.

PHILLIPS, Senior Circuit Judge.

This is a class action filed on behalf of
former hourly employees of a bankrupt em-
ployer against an international labor union
charging breach of duty of fair representa-
tion under a pre-ERISA pension fund
agreement. The International Union, Unit-
ed Automobile, Aerospace and Agricultural
Implement Workers of America (UAW) is
accused of negligent failure to monitor pay-
ments required to be made by the employer
into the employee's pension fund.

Jurisdiction is based on § 301 of the La-
bor Management Relations Act, 29 U.S.C.
§ 185, 29 U.S.C. § 159 and 28 U.S.C.
§ 1337. Plaintiffs sue for $2,244,880, the
alleged deficit in the pension fund.

I

The bankrupt employer was Lakey
Foundry Corporation (Lakey), which for
many years operated a grey-iron foundry in

Muskegon, Michigan. Beginning in 1941 its hourly employees were represented by the UAW and its local 403. The Lakey Foundry pension plan was created in 1950 as a part of a collective bargaining agreement between Lakey and the Union. Under the terms of the plan, Lakey was required to maintain the pension fund at a level sufficient to guarantee each vested employee, upon retirement, a specific annual pension until death.

The plaintiffs are a class of all former Lakey hourly employees who have accrued vested benefits under the plan and who have not received their full benefits, due to insufficient money in the pension fund. When Lakey became bankrupt, the deficit in the fund became uncollectable. The plaintiffs charged that the insufficiency of funds is due to the failure of Lakey to make all of the contributions to the plan as required by the terms of the agreement; and that an employee of the UAW who also was a member of the Plan's Board of Administration was negligent in failing to monitor these payments which the employer was required to make.

The record shows that Lakey was in financial difficulty from 1960 forward. It suffered large losses in six of its last twelve years of existence, and only small profits in the other six years. It filed a voluntary petition for bankruptcy under Chapter XI of the Bankruptcy Act on February 7, 1972, and ceased operations.

The plaintiffs filed their complaint on August 7, 1973, before District Judge Noel P. Fox, who certified the plaintiffs' class, as stipulated by the parties, as:

> All former hourly employees of the Lakey Foundry Corporation who are members of the collective bargaining unit represented by Defendant, and who have accrued a vested right to receive benefits from the Lakey Foundry Corporation Pension Plan, which has been terminated, but who will be unable to receive the full measure of such benefits because of any deficiency of funds held by the Trustee of said Plan.

UAW Local 403, which represented the employees in the plant in question, was originally a defendant. The Local was dropped by the First Amended Complaint, filed August 23, 1973, prior to answer.[1]

## II

The present appeal is from a final decision of District Judge Douglas W. Hillman in favor of the UAW, reported at 512 F.Supp. 1337 (W.D. Mich. 1981). Reference is made to the comprehensive opinion of Judge Hillman for a recitation of pertinent facts.

Judge Hillman held that the UAW had breached its duty of fair representation because one of its employees, a member of the Board of Administration of the Pension Plan, failed totally to monitor Lakey's contributions to the Pension Fund. He further held, however, that the plaintiffs were not damaged by this conduct. Judge Hillman made several findings of fact which supported his conclusions: that, except for the years 1964 and 1969, no deficit existed in the pension fund until the close of the pension plan year ending 1970; that deficits caused by the failure of Lakey to make timely contributions for 1964 and 1969 were eliminated soon thereafter; that until 1970 Lakey paid the amounts minimally necessary to keep the fund "current," and the plan was on track until 1970; that: "[b]y late 1970 Lakey's financial condition was moribund [and] [n]o unsecured assets remained, and Lakey had increasing difficulty

---

1. After further discovery, the plan's actuary, A. S. Hansen, Inc., was joined as cross-defendant by order of the court. Plaintiffs also moved for leave to file a Third Amended Complaint adding Hansen, Inc., as a defendant. Hansen, Inc. filed a motion that District Judge Fox recuse himself. In a written opinion filed June 22, 1978, Judge Fox denied the motion for recusal. On November 2, 1978, a panel of this court denied a petition for mandamus or prohibition, holding that the petitioner failed to demonstrate that Judge Fox abused his discretion in denying the motion for recusal.

After Judge Fox had taken senior status, the case was transferred to District Judge Douglas W. Hillman. In an opinion published at 85 F.R.D. 328 (W.D. Mich. 1980), Judge Hillman denied plaintiffs' motion for leave to file a Third Amended Complaint adding Hansen as a party defendant; vacated the order joining Hansen as a cross-defendant; and struck UAW's cross complaint against Hansen.

in obtaining credit;" that even if the Union had demanded payment for the 1970 and 1971 contributions, Lakey could not have complied; and that even if the UAW had known the size and frequency of Lakey's pre-1970 contribution, it could not have forced the company to contribute more money to the fund, "given Lakey's marginal existence throughout the 1960s."

The principal issue raised on this appeal is whether the foregoing findings of fact are clearly erroneous. The district judge, sitting without a jury, conducted an eight day trial and heard the testimony of thirteen witnesses, three of whom were experts; he also examined many exhibits.

■ It is well settled that, under Fed. R. Civ. P. 52(a), the findings of fact of a district judge sitting without a jury will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. This court will not overturn findings of fact by the trial judge unless we are left with the definite and firm conviction that a mistake has been made. *Thropp v. Bache Halsey Stuart Shields, Inc.,* 650 F.2d 817, 818 (6th Cir. 1981); *Thompson v. National Railroad Passenger Corp.,* 621 F.2d 814, 817–18 (6th Cir.), *cert. denied,* 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980); *Markowitz & Co. v. Toledo Metropolitan Housing Authority,* 608 F.2d 699, 704 (6th Cir. 1979); *Buckeye Power, Inc. v. Utility Workers Union,* 607 F.2d 759, 761 (6th Cir. 1979). This same standard applies in this Circuit even when the findings are based on documentary, rather than testimonial, evidence. *Alexander v. Youngstown Board of Ed.,* 675 F.2d 787, 795–96 (6th Cir. 1982).

■ We conclude that even if some of the findings of the district judge are technically incorrect, as the appellants assert, at least two of the district judge's findings are not erroneous and, standing alone, support his finding of no causation. These are the last two findings listed above: that Lakey could not have complied with demands for contributions during 1970 or 1971 and that the UAW could not (or would not) have forced Lakey to alter its pre-1970 payment schedule.

After 1970, Lakey was essentially insolvent, and it clearly was unable to contribute to the fund. Throughout the 1960s, Lakey was in financial trouble. 512 F.Supp. at 1345–47. The Union tried to help Lakey stay in business. In 1966 and 1970, the Union supported altering the State Workers' Compensation Trust Fund requirements in favor of the company so that Lakey could continue operations. In 1969, the Union also interceded on Lakey's behalf so that Lakey could gain permission to borrow from the Workers' Compensation Trust Fund in order to purchase pollution control equipment. Even if the appellants are correct in their assertion that the district judge was erroneous in his determinations (1) that Lakey was not required under the Plan to make larger contributions, based upon a "cost" basis rather than a "market value" basis, and (2) that Lakey was not always one year behind in its payments to the Fund, we still affirm the finding of the district court of no causation. Throughout the 1960s the Union would have been either unable to force Lakey to make larger payments because of Lakey's financial condition, or unwilling to make such demands for fear that such action would "kill the company."

Further, it is clear from the decision of the district judge that he credited the testimony of the expert witnesses for the defense and discredited the testimony of the expert for the plaintiffs. In particular, he credited the testimony of the defendant's expert actuary as to practices in the administration of employee retirement plans before Congress enacted the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). He also credited the testimony of the defendant's other expert as to the consequences if the Union had attempted to force Lakey to increase its contributions to the Fund.

For these reasons we conclude that the finding of no causation by the District Court is not clearly erroneous.

### III

In the present case we do not reach the issue of what degree of negligence on the

part of the Union is required to constitute unfair representation. *Cf. Ruzicka v. General Motor, et al.,* 649 F.2d 1207, 1211–12 (6th Cir. 1981); *Hoffman v. Lonza, Inc.,* 658 F.2d 519 (7th Cir. 1981).

We express no view as to the correctness or incorrectness of the holding of the district court that the UAW breached its duty of fair representation because one of its employees, as a member of the Board of Administration of the Pension Plan, failed to monitor Lakey's contribution to the Pension Fund. We find it unnecessary on the present appeal to reach the issue of whether the Union was guilty of such conduct as to constitute a breach of unfair representation under the pre-ERISA pension trust here involved.

It has been suggested that failure by a union to monitor a pension fund may amount to a breach of the duty of fair representation. *Nedd v. United Mine Workers,* 556 F.2d 190, 200 (3d Cir. 1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978). *But see Turner v. Local No. 302,* 604 F.2d 1219, 1227–28 (9th Cir. 1979).

Indeed, in light of recent decisions of the Supreme Court, there is a serious question as to whether a Union can be held vicariously liable for the acts of its members when they are performing as pension fund trustees. *See General Building Contractors Ass'n., Inc. v. Pennsylvania,* —— U.S. ——, ——, 102 S.Ct. 3141, 3152, 73 L.Ed.2d 835 (1982); *United Mine Workers of America Health & Retirement Funds v. Robinson,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982); *NLRB v. AMAX Coal Co.,* 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). In *AMAX Coal,* the Court held that a trustee for a pension fund must act exclusively for the benefit of the plan's beneficiaries and not for the interest of the party that appointed him. It is arguable that the Union's representative could not act as an agent of the Union when performing, or failing to perform as in the present case, his duties as a fiduciary, because the Union had no right to control him when he acted in that capacity. Court of Appeals decisions interpreting *AMAX Coal* support a conclusion that, except in special situations, a Union may not be held vicariously liable for the acts of its members or representatives as pension fund trustees. *See NLRB v. Driver Salesmen Local No. 582,* 670 F.2d 855, 857–60 (9th Cir. 1982); *Central Florida Sheet Metal Contractors Ass'n. v. NLRB,* 664 F.2d 489, 499–502 (5th Cir. 1981).

Under the recent decisions, it may be that any right of action the appellants had under the facts of the present case would have been against the members of the Board of Administration of the Pension Trust, and not against the UAW. This issue was not raised by the parties either in their briefs or during oral argument, and, in view of our disposition of the appeal, we need not decide the question here.

IV

Appellants further contend that the district court erred in finding that the claims of breach of fiduciary duty and breach of third party beneficiary contract under Michigan law were without merit. We conclude that the finding of the district court on the causation issue forecloses these claims as well.

The judgment of the district court is affirmed. No costs are taxed. The parties will bear their own costs in this court.